IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**THOMAS LONGBINE and
BRENDA LONGBINE**,

**Plaintiffs,**

v.

**PJ CORPORATION of TENNESSEE,
VANTAGE HOSPITALITY GROUP, INC.,
and NJ DAYA FAMILY, LLC.,**

**Defendants.**                                                    No. 10-0994-DRH

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court are plaintiffs' motion for sanctions (Doc. 29) and motion for leave to amend scheduling order (Doc. 30). Defendants oppose both motions (Docs. 37 & 38, respectively). Based on the following, the Court grants both motions.

In their motion for sanctions, plaintiffs maintain that defendants have failed to produce the following materials: names, contact information and room numbers of witness-guests; additional reports from Harry Melvin; at least one piece of correspondence from co-defendant Vantage Hospitality Group; a list of additional requirements provided by Vantage Hospitality Group; the date(s) of at least one- if not multiple - additional infestations; an accurate list of documents which were lost or destroyed; and any other documents which may have been found had Mr. Patel

checked.  Plaintiffs maintain that defendants have provided false and/or misleading answers and have withheld responsive documents.  Plaintiffs also contend that these materials should have been in their possession before Mr. Patel testified and that they had a right to a complete set of discovery responses prior to deposing the motel owner and before obtaining experts.  Defendants maintain that there is no relationship between the alleged discovery abuses and the sanctions sought by plaintiffs.  Defendants maintain that they were not involved in any sanctionable activity.

It is clear to the Court that the defendant Patel has been less than compliant with his obligation to provide discovery and to search his records, wherever, they may be, for complete compliance with the various discovery requests of plaintiffs. The remedies requested by plaintiffs are for fairness not that hardship be brought on defendant.  Thus, the Court **GRANTS** plaintiffs' motion for sanctions.  Thus, the Court **DIRECTS** defendants to provide plaintiffs with all responsive information on or before Tuesday, January 3, 2012.  Further, the Court **ALLOWS** plaintiffs thirty days after receipt of the information to determine whether to re-depose Mr. Patel and **ALLOWS** plaintiffs to disclose their experts until after they receive the information and determine whether to re-depose Mr. Patel.

As to the motion for leave to amend scheduling order, the Court **GRANTS** the motion.  Since the undersigned was reassigned this case on October 26, 2011, the dates requested by plaintiffs in the motion have come and gone. Thus, the Court

**REFERS** this matter to Magistrate Judge Wilkerson to issue a new scheduling and discovery order. The Court encourages the parties to meet and confer in an attempt to agree upon a new scheduling order, but in any event Judge Wilkerson will either approve the consent schedule or impose one in the absence of an agreed upon schedule.

**IT IS SO ORDERED.**

Signed this 20th day of December, 2011.

David R. Herndon
2011.12.20
10:13:02 -06'00'

**Chief Judge**
**United States District Court**