IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS LONGBINE and
BRENDA LONGBINE,

Plaintiffs,

v.

PJ CORPORATION of TENNESSEE,
VANTAGE HOSPITALITY GROUP, INC.,
and NJ DAYA FAMILY, LLC.,

Defendants.                                                No. 10-0994-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Now before the Court is defendant Vantage Hospitality Group, Inc.'s motion for summary judgment (Doc. 27). Vantage contends that it is entitled to summary judgment on Counts III and IV of the first amended complaint as it does not own, operate or oversee any hotel operations nor were the co-defendants their agents which would allow liability under a theory of vicarious liability. Plaintiffs oppose the motion arguing that Vantage Hospitality Group, Inc. ("Vantage") retains far more control than their motion suggests (Doc. 34). Because the Court finds that there is a dispute of material fact as to the control issue, the Court denies the motion.

On December 30, 2010, plaintiffs Thomas and Brenda Longbine filed a six-count first amended complaint against defendants PJ Corporation of Tennessee ("PJ

Corp.") (Counts I and II), Vantage (Counts III and IV) and NJ Daya Family, LLC ("NJ Daya")(Counts V and VI) alleging negligence and loss of consortium. The first amended complaint alleges that Thomas Longbine sustained hundreds of bed bug bites and suffered severe injuries after staying at the America's Best Value Inn located in Carbondale, Illinois on July 17, 2010. Specifically, the first amended complaint alleges that defendants, as owners and operators of the America's Best Value Inn, negligently and carelessly failed to provide guests with safe and sanitary rooms and negligently and carelessly failed to take steps, including inspections, to keep its premises clean and free of infestation, including bed bugs. Brenda Longbine brings claims of loss of consortium as a result of Thomas' bed bug bites.

## II. Facts

Vantage provides certain services to hotels within its brands, such as assistance with reservations and marketing. One of Vantage's brands is the America's Best Value Inn. Defendants Vantage and PJ Corp entered into a membership agreement for the America's Best Value Inn located in Carbondale, Illinois, effective May 10, 2010. The membership agreement entered between PJ Corp. and Vantage provides in part the following:

> "Member's satisfaction and success as a Member depends substantially on Member operating and maintaining the Property in accordance with the Brand Programs; however, other than as set forth in this Agreement, Member is free to operate Property pursuant to its independent best practices business judgment."

Further, it provides:

> "13) PROGRAM COMPLIANCE: a. MEMBER APPROVED PROGRAMS:

Member shall comply with all Member Approved Programs ... Notwithstanding the above, the Brand is not established to, and does not, substantially control the business operations, local property marketing programs or business practices of Member and therefore relies upon Member to understand its local market and consumers/guests and to operate Property consistent with the applicable best business practices in the transient guest business;"

It also states:

"Level of Service: A general reference to the degree to which a provider of hotel services treats guests; Members shall provide guests with a high Level of Service in order that the guest's reasonable expectations shall be met or exceeded and including that Member, as well as its employees, agents, etc., shall conduct their hotel operations professionally, ethically and considerately.

...

Quality Assurance Inspection: The process that includes a personal visit by a SSAPD Director to the Property in order to perform an inspection of the Property relative to Property Standards; pursuant to this visit a Quality Assurance Report is generated, a Quality Assurance Score is provided and, as necessary a PIP is prepared, reviewed and established for the Property. While at the Property on such occasion, the SSAP Director may also review Level of Service matters and will endeavor to work with the Member and applicable staff on Brand Programs."

Quality Assurance Report: A written summary provided to the Member that sets for the score achieved by a Property pursuant to the Quality Assurance Inspection; the form of the Report is contained in the Transition Guide

Qaulity Assurance Score: The cumulative grade/score (QA Score) established for the Property pursuant to a Quality Assurance Inspection and as recorded on the Quality Assurance Report; in the event that the QA Score is less than an A (currently 485 to 500) a PIP will be established for the Property."[1]

---

[1]Under the terms of the membership agreement a PIP is a Property Improvement Plan which is a "written document setting forth the list of items that the Member shall perform to improve the Property and/or Level of Service to acceptable Brand Standards including that completion of the items is intended to raise/improve the Property and Level of Service to a point

On October 5, 2010, Sandra Olsson, Director of Guest Relations Americas Best Value Inn, by Vantage Hospitality Group, Inc. sent Neal Patel, the motel operator, an email letter regarding the Longbine incident # 1739 (Doc. 37-3, p. 6). The email letter indicated that they had received a complaint about the property and informed Patel the steps that he was obligated to take in response to the complaint. The steps included:

> "1) Respond in writing in a courteous and professional manner (spelling and grammar etc should be checked for errors)
> 2) Address the apology letter to the complaining guest
> 3) Send the apology letter directly to the guest
> 4) Send a copy of the letter via email to guestrelations@vantagehospitality.com or via fax to 954.575.8274
> 5) Complete all the above mentioned steps within ten days of receiving the complaint."

Further, the email letter informed Patel that if the steps were not followed, "the complaint will be sent to the Board Member for prompt resolution." and that the "property will be charged the amount of the refund as determined by the Board Member, along with an administrative fee of $75.00." In response, Patel sent Thomas Longbine an apology letter along with a complimentary one night stay offer on December 14, 2010 (Doc. 37-3, p.8).[2]

---

that the Property earns a Quality Assurance Score in the "A" range. Member shall commence performance of and shall complete the PIP items on a timely basis."

[2]That same day, Olsson sent Patel an email informing him that if he again failed to respond to the guest complaint by December 16, 2010 that the guest complaint will be considered valid and that the "Membership will have no other choice than to refund this guest the full amount. This charge will be charged to your property along with a $75.00 administrative fee." (Doc. 37-3, p. 5).

### III. <u>Summary Judgment</u>

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane,* 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.,* 883 F.2d 1307, 1312 (7th Cir. 1989). Summary judgment will be denied where a reasonable jury

could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.,* 47 F.3d 928, 931 (7th Cir. 1995).

## IV. **Analysis**

Vantage argues that it is entitled to summary judgment as it did not own or operate the hotel nor were the co-defendants their agents. Vantage contends that the evidence shows that the relationship between itself and PJ Corp. is one of only membership. Vantage maintains that since the membership agreement gives no right to control the manner and method of work of its members, there is no actual agency relationship. Further, Vantage contends that there is no apparent agency as plaintiff testified that he stayed at the hotel because of its convenient location not because of its brand. Plaintiffs contend that under the agreement Vantage could interfere with day-to-day operations, including accessing the motel's reservation system and directing the manner in which guest complaints are resolved. Plaintiffs also contend that Vantage retains discretion to veto a claim of best business practices, and could also suspend or default a motel at its convenience, including for violations contained nowhere in the membership agreement. The Court agrees with plaintiffs.

"The test for agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can affect the legal relationships of the principal." *Anderson v. Boy Scouts*, 589 N.E.2d 892, 894 (Ill. App. 1992). While the existence of an agency relationship is usually a question of fact, it becomes a question of law when the facts

regarding the relationship are undisputed or no liability exists as a matter of law. *Id.* "The burden of proving the existence of an agency relationship and the scope of authority is on the party seeking to charged the alleged principal." *Id.*

Here, the Court finds that there is a dispute of material fact as to the control issue. Thus, the fact-finder will have to resolve the inferences suggested by the member agreement and the email letter which tells the motel operator exactly what he is to do following the receipt by defendant once it receives a customer complaint. Clearly, the letter seems to be evidence of the control in the nature argued by plaintiffs. Further, the ambiguities as outlined in the pertinent portions of the member agreement *supra* do not resolve the control issue. Thus, Vantage is not entitled to summary judgment.

## V. Conclusion

Accordingly, the Court **DENIES** Vantage's motion for summary judgment (Doc. 27).

**IT IS SO ORDERED.**

Signed this 29th day of December, 2011.

David R. Herndon
2011.12.29
12:40:54 -06'00'

**Chief Judge**
**United States District Court**